UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LELAND LEE BROWN,**

    **Plaintiff,**

    v.

**ROSS COUNTY** *et al.*,

    **Defendants.**

Civil Action 2:14-cv-333
Judge Gregory L. Frost
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court for consideration of Plaintiff's Application for Entry of Default against Defendant Alice Frazier (ECF No. 7), Plaintiff's Motion for Default Judgment (ECF No. 12), and Defendant Alice Frazier's Memorandum in Opposition (ECF No. 15). For the reasons that follow, Plaintiff's Motion is **DENIED**. (ECF No. 12.)

Plaintiff filed his Complaint on April 11, 2014. (ECF No. 3.) The docket reflects that Defendant Alice Frazier was served on April 23, 2014. She was therefore required to answer or otherwise respond to Plaintiff's Complaint by June 9, 2014. Defendant Frazier filed an Answer on June 18, 2014. (ECF No. 8.) Plaintiff asserts that he is entitled to a default judgment with respect to Defendant Frazier because she failed to timely answer his Complaint.

Defendant Frazier opposes Plaintiff's Motion. In her Memorandum in Opposition, Defendant Frazier asserts that she did not receive the Summons until May 6, 2014. She also indicates that she believed "appropriate individuals at Premier [Physician Services, Inc.] were taking action to provide her a defense" and that she was not required to take further action.

(Def's. Mem. in Opp. 3, ECF No. 15.)  Defendants contend that Plaintiff is not entitled to a default judgment because the Clerk has not yet made an entry of default and Dr. Frazier has answered Plaintiff's Complaint.

Defendant Frazier correctly asserts that there has not been an entry of default in this case. Before a plaintiff may obtain default judgment under Federal Rule of Civil Procedure 55(b), the plaintiff must request and be granted an entry of default judgment from the clerk. *Heard v. Caruso,* 351 F. App'x. 1, 15–16 (6th Cir. 2009) (quoting *10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice And Procedure* § 2682, at 13 (3d ed.1998)).  Because the record demonstrates that the Clerk has not made an entry of default, Plaintiff's Motion for Default Judgment is premature.

Even if the Clerk had made an entry of default, the Court finds it appropriate to deny Plaintiff's Motion.  Federal Rule of Civil Procedure 55(c) allows the Court "to set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  As the United States Court of Appeals for the Sixth Circuit has noted, "our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps."  *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010).  Applying the foregoing authority, Defendant Frazier has met the good faith standard.  She has established a lack of culpability in failing to file a timely answer.  Moreover, she filed an answer only nine days after the deadline and has since appeared to defend the case.  In the interest of resolving this case on the merits, Plaintiff's Motion is **DENIED**.

This matter is further before the Court for Plaintiff's Motion for the Court to Direct the United States Marshal to Serve Subpoenas.  (ECF No. 18.)  Plaintiff asks the Court to order the

United States Marshals Service to serve subpoenas on The Bureau of Adult Detention and Allen's Pharmacy. (ECF No. 18-1.) The Court is informed that his Motion is unopposed. For the reasons that follow, the Court **GRANTS** Plaintiff's unopposed Motion for the Court to Direct the United States Marshal to Serve Subpoenas. (ECF No. 18.)

Plaintiff is proceeding *in forma pauperis*. Consequently, pursuant to 28 U.S.C. §1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. §1915(d). This provision requires the Marshals Service to serve an indigent party's subpoena *duces tecum*. A court, however, may exercise its discretion to screen such a subpoena request, relieving the Marshals Service of its duty when appropriate. *See* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2454, p. 244–46 n. 21 (3d ed. 2010) (citations omitted).

Here, upon review of Plaintiff's unopposed Motions and the attached subpoenas, the Court finds no circumstances warranting an exception to the Marshals Service's statutory duty under §1915(d). The Court therefore **GRANTS** Plaintiff's Motion. (ECF No. 18.) The Court **DIRECTS** the United States Marshal to serve ECF No. 18-1 on The Bureau of Adult Detention and Allen's Pharmacy. Because the subpoenas do not require witness attendance, Plaintiff is not required to tender fees and mileage for one day's attendance. *See* Fed. R. Civ. P. 45(b)(1). The Court cautions Plaintiff, however, that his *in forma pauperis* status does not exempt him from payment of such fees and mileage, where applicable. *See Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) (citation omitted) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or [d]efendant pay for an indigent prisoner's discovery efforts.").

**IT IS SO ORDERED**

Date: August 28, 2014 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge