UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LELAND LEE BROWN,**

    **Plaintiff,**

                                                **Civil Action 2:14-cv-333**
    v.                                      **Judge Gregory L. Frost**
                                                **Magistrate Judge Elizabeth P. Deavers**

**ROSS COUNTY, *et al.*,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 44), Defendant Alice Frazier's Response in Opposition (ECF No. 46), and Defendants Lavender's and Ross County's Response in Opposition (ECF No. 49). Plaintiff has not filed a Reply and the time for him to do so has lapsed. For the reasons that follow, Plaintiff's Motion is **DENIED**. (ECF No. 44.)

## I.

On April 9, 2014, Plaintiff originally filed this civil rights action against Defendants Ross County, Ross County Sheriff George Lavender, Jr., and Dr. Alice Frazier. (ECF No. 1.) On June 19, 2014, the Court entered a Scheduling Order in which it set the deadline for the parties to amend pleadings as September 16, 2014. (ECF No. 11.) The discovery cutoff date and the dispositive motion deadline were set as December 17, 2014, and March 17, 2015, respectively. *Id.* On October 16, 2014, the Court granted Plaintiff's unopposed Motion to File an Amended Complaint. (ECF No. 33.) On December 5, 2014, the Court amended the Scheduling Order to

extend the discovery cutoff date to March 17, 2015, and the dispositive motion deadline to April 17, 2015. (ECF No. 43.) Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint on January 16, 2015. (ECF No. 44.) On January 28, 2015, Defendant Frazier filed her Response in Opposition to Plaintiff's Motion to amend his Complaint. Subsequently, on January 31, 2015, Defendants Lavender and Ross County filed their Response in Opposition. (ECF No. 49.)

## II.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). Where the deadline to amend pleadings contained in the Court's scheduling Order has passed, however, a plaintiff must demonstrate the existence of good cause under Rule 16(b) to modify the Court's scheduling Order. Fed. R. Civ. P. 16(b)(4); *see also Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (upholding a district court's denial of a motion to amend where the plaintiff failed to establish good cause to modify the scheduling order). The good-cause standard requires that a party seeking modification of the Court's scheduling Order demonstrate that, "'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzi Distrib. USA, Inc.*, 275 Fed. App'x 535, 536 (6th Cir. 2008) (citing *Leary*, 349 F3d at 907). Moreover, "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Leary*, 349 F.3d at 909.

Plaintiff seeks leave to amend his Complaint to "verify it, clarify language, further particularize details, make appropriate name changes, join the parties necessary to prosecute the complaint, and to further particularize the basis for the complaint." (Pl.'s Mot. To Amend 1,

2

ECF No. 44.)  Plaintiff seeks to join the following individuals as Defendants: Registered Nurse Joe Cogan, Jail Administrator Colonel T.J. Hollis, Captain Earl Glenn Detty, and Sergeant Brooks.  He also seeks to add a claim under Ohio's Political Subdivision Tort Liability Act.

Defendants argue that Plaintiff's Motion should be denied because he missed the September 17, 2014 deadline to amend his Complaint and has failed to demonstrate, or even attempt to demonstrate, "good cause" to modify the case schedule.  Defendants also argue that they will be prejudiced if the Court allows Plaintiff to amend his Complaint at this juncture.  Finally, Defendants argue that Plaintiff's claim under the Ohio Political Subdivision Tort Liability Act is futile because the Act does not provide for a private right of action. The Court agrees with Defendants.

Plaintiff has failed to demonstrate good cause to amend his Complaint to add an entirely new claim and four new Defendants.  With regard to the new Defendants, Plaintiff does not explain why he could not have named them in his original Complaint or in his First Amended Complaint.  A review of Plaintiff's original and amended Complaints demonstrates that Plaintiff expressly mentioned and set out facts related to the four Defendants he now seeks to join. Nevertheless, Plaintiff did not name these four "new" Defendants in his prior Complaints and has failed to address his reasons for the delay in doing so.  Plaintiff waited approximately four months after the deadline to amend pleadings to attempt to add these Defendants.  Under these circumstances, Plaintiff has not demonstrated good cause for adding the proposed Defendants at this juncture.

Similarly, Plaintiff has not demonstrated good cause for adding a new claim against Defendants.  Plaintiff explains that he had just been "made aware" of the existence of Ohio's

3

Political Subdivision Tort Liability Act.  Ohio Rev. Code Chapter 2744.  He has not explained why he was only just made aware of a public law.  More importantly, however, Plaintiff's proposed claim is futile because Chapter 2744 does not provide a private right of action or a "tort claim."  Rather, Chapter 2744 sets out political subdivision liability and immunity.  *Id.*  Thus, Plaintiff has not demonstrated "good cause" for adding this additional claim almost four months after the deadline to amend pleadings has passed.

Moreover, Defendants will be prejudiced by Plaintiff's proposed amendments to his Complaint.  A substantial burden would be placed on Defendants if Plaintiff was permitted to add four new parties and a new claim at this late date given that the discovery cutoff is March 17, 2015, and dispositive motions are due April 17, 2015.

In light of Plaintiff's failure to establish good cause as well as the prejudice to Defendants that would result from the amendments, Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED**.  (ECF No. 44.)

**IT IS SO ORDERED.**

Date: March 4, 2015              /s/ *Elizabeth A. Preston Deavers*
                                         Elizabeth A. Preston Deavers
                                         United States Magistrate Judge

4