UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LELAND LEE BROWN,**

    **Plaintiff,**

    v.

        Civil Action 2:14-cv-0333
        Judge Gregory L. Frost
        Magistrate Judge Elizabeth P. Deavers

**ROSS COUNTY,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff, a state-inmate, brings this action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs and discriminated against him on the basis of his disability and race.  This matter is before the Court for consideration of Plaintiff's Motion to Stay Proceedings for 180 days (ECF No. 52), Defendant Frazier's Response in Opposition (ECF No. 54), Defendants Lavender's and Ross County's Response in Opposition (ECF No. 53), and Plaintiff's Reply (ECF No. 60).  For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff requests a stay, asserting that he was transferred to Ross County Jail where he does not have access to a law library, research materials, or legal assistance, and as a result, he cannot properly prepare dispositive motions and/or oppose Defendants' pending Motions for Summary Judgment.  Defendants responded to Plaintiff's Motion, contending that the law does not require the state to help Plaintiff litigate effectively once in court and that he does not have a free standing right to a law library or legal assistance.  While Defendants are correct, their contentions are not dispositive on the issue of whether a stay is appropriate.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. O.C.I. Constr., Inc.*, No. 2:10–cv–550, 2011 WL 902246, at *3 (S.D. Ohio Mar. 14, 2011) (internal quotations omitted). Specifically, "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . .'" *Ohio Envtl. Council v. United States Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "The decision to stay is reserved to the sound discretion of the court and requires the balancing of competing interests, including the interest of litigants in 'a determination of [their] rights and liability without undue delay.'" *Augenstein v. Coldwell Banker Real Estate, LLC*, No. 2:10–CV–191, 2012 WL 1677239, at *1 (S.D. Ohio May 14, 2012) (quoting *Ohio Envtl. Council*, 565 F.2d at 396.)

In considering whether to stay proceedings the Court will consider various factors including "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation . . . ." *Sierra Club v. Korleski*, No. 2:08–cv–865, 2010 WL 2302374 (S.D. Ohio June 8, 2010). The burden of persuasion is on the party seeking the stay. *See Augenstein*, 2012 WL 1677239, at *1 ("The party seeking a stay of proceedings must establish both the 'pressing need for delay' and 'that neither the other party nor the public will suffer harm from entry of the order.'") (quoting *Ohio Envtl. Council*, 565 F.2d at 396).

The Court concludes that a stay is appropriate in the instant action. First, Plaintiff has demonstrated that he will suffer hardship and inequity if this case is not stayed. For example, Plaintiff has submitted that he has been denied access to a law library, legal resources, and his legal papers. He maintains that given his current circumstances, he cannot adequately prosecute his case. The Court also recognizes, however, that Defendants may face potential prejudice if the stay is granted, given that they currently have Motions for Summary Judgment pending before the Court. Nevertheless, any prejudice to Defendants is outweighed by the hardship Plaintiff will suffer if he cannot oppose Defendants' Motions for Summary Judgment. Finally, allowing Plaintiff additional time to oppose the pending dispositive motions and/or file a dispositive motion will not place any additional burden on judicial resources.

Nonetheless, the Court concludes that a 180 day stay is not appropriate at this juncture. Accordingly, in the interest of preventing undue delay, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART** and this action is **STAYED FOR 90 DAYS.** (ECF No. 52.) Plaintiff is **DIRECTED** to file a written status report within **90 DAYS OF THE DATE OF THIS ORDER**. At that time, if necessary, he may move the Court for an additional stay, demonstrating the circumstances warrant it.

**IT IS SO ORDERED.**

Date:  April 27, 2015              /s/ *Elizabeth A. Preston Deavers*
                                   Elizabeth A. Preston Deavers
                                   United States Magistrate Judge